PER CURIAM.
It has come to the Court’s attention that Rule of Judicial Administration 2.125, which sets forth the duties, responsibilities, and composition of the Judicial Council, should be amended. The rule as amended renames the Judicial Council the “Judicial Management Council,” and addresses many of the concerns outlined in the Report of the Judicial Council Steering Committee, which was recently considered by this Court.[1]
Accordingly, current Rule 2.125 is deleted and the appended rule is adopted in its place. This amendment shall become effective immediately. Interested parties shall have sixty days from the date of this opinion to file comments.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 2.125 JUDICIAL MANAGEMENT COUNCIL
(a) Creation and Responsibilities. There is hereby created the Judicial Management Council of Florida which shall be charged with the following responsibilities:
(1) The comprehensive study and formulation of recommendations on issues related to the efficient and effective administration of *812 justice that have statewide impact, affect multiple levels of the court system, or affect multiple constituencies in the court and justice community.
(A) Issues that may be examined by the Judicial Management Council include, but are not limited to:
(i) the organization, jurisdiction, and management of the courts;
(ii) the qualifications, selection process, compensation, disciplinary process, and removal process for judicial officers;
(iii) administrative policies and programs of the court system;
(iv) state and local budgets for the courts and related entities, and the balance of funding between state and local government;
(v) available revenues which are currently or may be used to support the courts, including fines, forfeitures, filing fees, add ons, surcharges, and liens;
(vi) rules of court and the rale-making process;
(vii) legislative issues, including changes in the statutes or the constitution; and
(viii) the policies, procedures, and programs of other entities that are involved in court proceedings, or otherwise affect the work of the courts.
(B) Issues may become part of the Judicial Management Council’s agenda by:
(i) referral from the Chief Justice;
(ii) referral from the Supreme Court; or
(iii) identification by the Judicial Management Council on its own initiative based on the recommendations of members; input from judges, the bar, court personnel, or other sources; input from public healings; referral of issues by the Florida Legislature, either informally or through the passage of legislation; or referral of issues by the Governor, Cabinet, or executive branch agencies.
(C) The Chief Justice and the Supreme Court shall consider referring significant new issues or problems with implications for judicial branch organization, policy, or budgeting to the Judicial Management Council, prior to the creation of any new committees.
(2) The development and recommendation of the long range strategic plan and quality management and accountability program for the judicial branch, which are required pursuant to Article III, Section 19, of the Florida Constitution.
(3) The development of recommendations to the Constitutional Revision Commission that will be constituted in 1998.
(4) To review and respond to the work of other commissions, task forces, councils, and committees of the judicial, legislative and executive branches, and The Florida Bar, which may consider matters having policy, funding, or operational implications for the judicial branch and the justice system.
(5) To provide a liaison with private sector entities- with an interest in the court system, including the Florida Council of 100.
(b) Schedule of Reports.
(1) The Judicial Management Council shall prepare an annual report on its activities, along with recommendations on substantive legislation and budget resources, which shall be presented to the Chief Justice and the Supreme Court on October 1 of each year.
(2) The Judicial Management Council shall prepare a biennial review of the judicial branch’s long range strategic plan and formulate recommendations for a two-year operational plan based on such review, which shall be presented to the Chief Justice on July 1 of each even numbered year.
(3) The Judicial Management Council may prepare other reports as it deems necessary, which shall be presented to the Chief Justice or the Supreme Court upon completion.
(c) Supreme Court Action on Recommendations by the Judicial Management Council. The Chief Justice or the Supreme Court of Florida may take any or all of the following actions on recommendations made by the Judicial Management Council:
(1) To direct that action be taken to influence or change administrative policy, man *813 agement practices, rules, or programs that are the subject of the recommendations.
(2) To include the recommendation in the State Courts System’s legislative agenda or budget requests.
(3) To refer the recommendation back to the Judicial Management Council with an indication that:
(A) The Judicial Management Council shall undertake further study;
(B) The Supreme Court takes no position on the issue and encourages the Judicial Management Council to take whatever further action on the matter the Judicial Management Council deems appropriate; or
(C) The Supreme Court disapproves of the recommendation and directs either reassessment of the recommendation or no further action by the Judicial Management Council.
(4) To refer the recommendation to other entities, such as the Florida Legislature, the Governor, the Cabinet, executive branch agencies, or The Florida Bar, as the Supreme Court deems appropriate.
(d) Membership and Organization. The membership of the Judicial Management Council shall be appointed with the intention of ensuring diversity and representation of groups involved in or affected by the judicial system.
(1)There shall be 21 official members of the Judicial Management Council, to be appointed by the Chief Justice:
(A) one Supreme Court justice;
(B) two district court of appeal judges, to be nominated by the Florida Conference of District Court of Appeal Judges;
(C) two circuit court judges, one of whom shall be an active chief judge, to be nominated by the Florida Conference of Circuit Judges;
(D) two county court judges, to be nominated by the Conference of County Court Judges;
(E) one state attorney, to be nominated by the Florida Prosecuting Attorneys Association;
(F) one public defender, to be nominated by the Florida Public Defenders Association;
(G) the Attorney General or the Attorney General’s designee;
(H) one clerk of court, to be nominated by the Florida Association of Court Clerks;
(I) two representatives of The Florida Bar, one of whom shall be a member of the Board of Governors, to be nominated by the Board of Governors;
(J) one representative of the Governor’s legal office, to be designated by the Governor;
(K) one member of the Florida Senate and one member of the House of Representatives;
(L) four public members; and
(M) one member of the Florida Council of 100, to be nominated by the Florida Council of 100.
(2) The legislative members shall serve as ad hoc, voting members, whose absence shall not be considered for purposes of determining whether a quorum is present at meetings.
(3) The Chief Justice may appoint additional members who shall serve as ex-officio (non-voting) members, for specific terms and purposes.
(4) The Chief Justice or the Chief Justice’s designee shall serve as Chair of the Judicial Management Council.
(5) To ensure continuity through the Judicial Management Council’s development of a long range strategic plan for the judicial branch, the original members of the council shall be appointed for a term of three years. The members’ terms thereafter shall be on a staggered, multi-year basis, to be designated by future administrative orders of the Chief Justice.
(6) The Judicial Management Council shall establish a committee structure and procedures which ensure broad-based involvement of and input from interested constituencies. The Judicial Council shall have the authority and resources to improve its inelusiveness through a variety of means, such as:
(A) Establishing committees or subcommittees which include persons who are not *814 members of the Council but whose input may be needed on selected issues;
(B) Referring matters to existing groups or committees, such as committees of The Florida Bar, for comment and recommendations;
(C) Conducting focus groups, workshops, and town hall type meetings;
(D) Conducting public hearings; and
(E) Conducting surveys.
(7) The Judicial Management Council shall explore and recommend appropriate protocols for information sharing and coordination of work by the various committees that have been created by the court system. Where appropriate, the Judicial Management Council shall include such committees in the process of developing the long range strategic plan.
(e) Staff Support and Funding. The Office of the State Courts Administrator shall provide primary staff support to the Judicial Management Council. Adequate staffing and other resources shall be made available to the Office of the State Courts Administrator to ensure the effective and efficient completion of tasks assigned to the Judicial Management Council. Sufficient resources shall also be provided for meetings of the Judicial Management Council and its committees or subcommittees, and other expenses necessary to the satisfactory completion of its work.

. We have jurisdiction.. Art. V, § 2(a), Fla. Const.